*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TAV.

---

DANIEL ING,

          Petitioner-Appellee,

v

TAV,

          Respondent-Appellant.

UNPUBLISHED
October 01, 2025
12:00 PM

No. 370553
Washtenaw Probate Court
LC No. 23-000586-MI

---

Before: CAMERON, P.J., and GARRETT and MARIANI, JJ.

CAMERON, P.J. (*concurring*).

I agree with the majority that the second petition for continuing mental health treatment was insufficient under the Mental Health Code, MCL 330.1001 *et seq*., and that the error does not necessitate reversal. I write separately to question whether the issue is also moot.

"This Court generally does not address moot questions or declare legal principles that have no practical effect in a case." *Duckett v Solky*, 341 Mich App 706, 731; 991 NW2d 852 (2022) (quotation marks and citation omitted). "An issue is rendered moot when an event has occurred that renders it impossible for the court to grant relief. An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy." *Id*. at 731-732 (quotation marks and citation omitted).

Respondent is appealing the trial court's order granting the second petition. However, since this order was entered, a third petition was filed, which the trial court granted. Regardless of whether this third petition comports with MCL 330.1473, respondent has not challenged the trial court's order granting it. Thus, even if the order granting the second petition was overturned, respondent's legal status would not change, rendering his claim moot. *Id*.

/s/ Thomas C. Cameron